UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**KHALFANI KAMAU**                                                                                   **PETITIONER**

v.                                                                     **CIVIL ACTION NO. 3:23-CV-252-JHM**

**JEFF TINDAL, OLDHAM COUNTY DETENTION CENTER**                              **RESPONDENT**

**MEMORANDUM**

Petitioner Khalfani Kamau, a federal pretrial detainee at the Oldham County Detention Center ("OCDC"), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [DN 1] and paid the $5.00 filing fee. After the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether the "person detained is not entitled [to habeas relief]." 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). Upon review, the Court concludes that the petition must be dismissed.

**I.**

Petitioner is currently detained at the OCDC pending trial in his criminal action before the Southern District of Indiana, *United States v. Kamau*, No. 1:22-CR-188-MPB-TAB, in which he has been charged with possession with intent to distribute 50 grams or more of methamphetamine, possession with intent to distribute fentanyl, and possession with intent to distribute cocaine. In his petition, Petitioner indicates that he is challenging his detention related to this current federal criminal prosecution against him. Specifically, he is challenging his pretrial detention on nine grounds: (1) institution of a second malicious prosecution against him in violation of the Fourth Amendment; (2) intentional presentation of false material statements by Detective Blake

McCamey in violation of the Fifth Amendment; (3) prosecution of Petitioner in violation of the Double Jeopardy Clause; (4) false arrest, kidnapping, and false imprisonment of Petitioner in the absence of probable cause in violation of the Fourth Amendment; (5) perjury by Detective McCamey in violation of the Fourth Amendment; (6) law enforcement's infringement of the reasonable expectation of privacy by tracking Petitioner's cell phone in violation of the Fourth Amendment; (7) institution of prolonged traffic stop in violation of the Fourth Amendment; (8) ineffective assistance of counsel in violation of the Sixth Amendment; and (9) detention in absence of probable cause.

## II.

Section 2241 provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [he] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Although a pretrial detainee may file a petition pursuant to § 2241, . . . [h]abeas proceedings under section 2241 . . . are not intended to serve 'as a substitute for the functions of the trial court.'" *Chaney v. Allen*, No. 5:22-CV-777-LCB-GMB, 2022 WL 17840414, at *2 (N.D. Ala. Oct. 28, 2022) (quoting *Butler v. Cook*, 4:21-CV-440-MJF, 2021 WL 6137312, at *2 (N.D. Fla. Nov. 30, 2021) (quoting *Henry v. Henkel*, 235 U.S. 219, 229 (1914)); *see also Medina v. Choate*, 875 F.3d 1025, 1028–1029 (10th Cir. 2017). Essentially, "a federal pretrial detainee cannot use § 2241 to preempt the judge presiding over the criminal case." *Williams v. Hackman*, 364 F. App'x 268, 268 (7th Cir. 2010).

"As such, a § 2241 petition like this one, which seeks to challenge a pending criminal prosecution, is subject to dismissal because the criminal defendant should raise the claims in the underlying criminal proceedings." *Okorie v. United States*, No. 2:23-CV-01065-AMM-NAD, 2023 WL 5827225, at *2 (N.D. Ala. Aug. 16, 2023) (citing *Garcon v. Palm Beach County Sheriff's*

*Office*, 291 F. App'x 225, 226 (11th Cir. 2008) (holding that dismissal was appropriate because the petitioner's claims challenging various aspects of his underlying criminal prosecution were premature and "properly brought during his criminal case and subsequent direct appeal")); *see also Butler*, 2021 WL 6137312, at *2 ("When a pretrial detainee's section 2241 petition raises claims that would be dispositive of the pending federal criminal charges, principles of federal court efficiency require that the petitioner exhaust those claims by presenting them at trial and then on direct appeal." (citations omitted)); *Chaney*, 2022 WL 17840414, at *2 (same); *Williams v. O'Neill*, No. 5:11-CV-113, 2012 WL 1044306, at *2 (S.D. Ga. Feb. 29, 2012) (same).

Based on this jurisprudence, Petitioner must bring any challenge to the pending federal indictment in his criminal case—*United States v. Kamau*, No. 1:22-CR-188-MPB-TAB—and then on direct appeal and/or in a § 2255 motion, if appropriate. Accordingly, the Court must deny and dismiss the § 2241 petition.

### III.

An individual who unsuccessfully petitions for a writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability ("COA") from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id*. In such a case, no appeal is warranted. *Id*. The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter an Order consistent with this Memorandum Opinion.

*[Signature]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Petitioner, *pro se*
4414.014

September 15, 2023